**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) | |
| Plaintiffs, | ) | C.A. No. 07-338 |
| v. | ) | |
| VIGILANT INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, Vigilant Insurance Company ("Vigilant"), a New York Corporation, removes this action from the Superior Court of the State of Delaware in and for New Castle County to this Court. The grounds for removal are:

1. Coleman DuPont Homsey and Ellen Homsey reside in and are citizens of Delaware and instituted this action by filing a complaint in the Superior Court of the State of Delaware in and for New Castle County, Delaware, C.A. 07C-04-543 (RRC) on or about May 7, 2007. The action is now pending in that court.

2. Defendant Vigilant is a foreign New York corporation with its principal place of business in New Jersey.

3. Vigilant is the only Defendant in this action and was served by service upon the Delaware Insurance Commissioner on May 9, 2007.

4. Because there is complete diversity amongst the parties, and because, based on a fair reading of the complaint, the amount in controversy exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

5.    In accordance with 28 U.S.C. § 1446(d), a copy of all process, pleadings and orders served upon defendant Vigilant is attached as Exhibit A.

6.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff and a copy of the Notice of Removal will be filed with the Prothonotary of the Superior Court of the State of Delaware in and for New Castle County.

WHEREFORE, defendant Vigilant respectfully requests pursuant to 28 U.S.C. § 1441 that this case be removed from the Superior Court of the State of Delaware in and for New Castle County to this Court, and proceed in this Court as an action properly removed.

Dated: May 29, 2007                          EDWARDS ANGELL PALMER & DODGE LLP


Denise Seastone Kraft (No. 2778)
919 N. Market Street
Suite 1500
Wilmington, DE 19801
302-425-7106
888-325-9741 Facsimile

*Attorneys for Defendant Vigilant Insurance Company*

Of Counsel:

Mark Seiger, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103-3702
(860) 541-7745
(888) 325-9099 Facsimile

# Exhibit A



Matthew Denn
Insurance Commissioner

Department of Insurance
841 Silver Lake Blvd.
Dover, DE 19904-2465
(302) 674-7300
(302) 739-5280 fax

RECEIVED

MAY 15 2007

CORP. SECY. OFFICE

MAY 9, 2007

**VIA CERTIFIED MAIL (70060810000095265928)**
**RETURN RECEIPT REQUESTED**

HENRY GULICK
SECRETARY
VIGILANT INSURANCE COMPANY
15 MOUNTAIN VIEW ROAD
WARREN, NJ 07061

RE: COLEMAN DUPONT HOMSEY et. al. V. VIGILANT INSURANCE COMPANY
C.A. NO.

Dear MR. GULICK:

Pursuant to 18 Del. C. § 525, the Delaware Insurance Commissioner was served with the enclosed legal process on MAY 9, 2007.

**Please do not send your response to the enclosed documentation to the Delaware Insurance Department. Instead, you should respond directly to the person or legal representative identified in the enclosed legal process.**

Sincerely,

Georgia Oxford
Administrative Specialist II

Enclosure
cc: JOHN S. SPADARO

5/9/07 1090 4:25

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, Plaintiffs, | ) | C.A. No. |
| v. | ) | |
| VIGILANT INSURANCE COMPANY, Defendant. | ) | NON-ARBITRATION CASE TRIAL BY JURY DEMANDED |

PRAECIPE FOR SUMMONS

TO: **PROTHONOTARY, NEW CASTLE COUNTY SUPERIOR COURT**
**Superior Court**
**New Castle County Courthouse**
**500 King Street**
**Wilmington, DE 19801**

**PLEASE ISSUE WRIT COMMANDING** the Sheriff of ~~New Castle~~ KENT County to serve the Summons and Complaint on **Vigilant Insurance Company** c/o the Delaware Insurance Commissioner, Delaware Department of Insurance, 841 Silver Lake Boulevard, Dover, DE 19904, in accordance with 18 Del. C. § § 524 and 525. A check made payable to the Delaware **Insurance Commissioner** in the amount of $25.00 is attached hereto representing the required fee.

07 MAY -7 AM 11:12

JOHN SHEEHAN SPADARO, LLC

[signature]

John S. Spadaro
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
(302)235-7745

April 20, 2007

Attorney for plaintiffs Coleman DuPont Homsey and Ellen Homsey

07 MAY -8 AM 10:34

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. |
| v. | ) | |
| | ) | NON-ARBITRATION CASE |
| VIGILANT INSURANCE COMPANY, | ) | TRIAL BY JURY DEMANDED |
| Defendant. | ) | |

2007 MAY -7

**THE STATE OF DELAWARE** KENT
**TO THE SHERIFF OF ~~NEW CASTLE~~ COUNTY,**

YOU ARE COMMANDED:

To summon defendant, so that, within 20 days after service hereof upon defendant, Vigilant Insurance Company, exclusive of the day of service, defendant shall serve upon John S. Spadaro, Esquire, plaintiffs' attorney, whose address is John Sheehan Spadaro, LLC, 724 Yorklyn Road, Suite 375, Hockessin, Delaware 19707, an answer to the Complaint.

To serve upon defendant a copy of the Complaint.

Dated: 5/1/07

Sharon Agnew
*Prothonotary*

*Per Deputy*

**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

Sharon Agnew
*Prothonotary*

*Per Deputy*

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE _X_ KENT ____ SUSSEX ____
Civil Case Code: CDEJ

Civil Action Number: ____________
Civil Case Type: Declaratory Judgment

(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

Caption:

COLEMAN DUPONT HOMSEY and ELLEN HOMSEY,

Plaintiff,

v.

VIGILANT INSURANCE COMPANY,

Defendant.

Name and Status of Party filing document:

Coleman DuPont Homsey and Ellen Homsey, Plaintiffs

Document Type:(e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM)

Complaint

Non-Arbitration _X_ eFile

(CERTIFICATE OF VALUE MAY BE REQUIRED)

Arbitration___ Mediation ____ Neutral Assessment

DEFENDANT (CHECK ONE) ACCEPT ___ REJECT ____

JURY DEMAND YES _X_ NO ___

TRACK ASSIGNMENT REQUESTED (CHECK ONE):

EXPEDITED ___ STANDARD _X_ COMPLEX

ATTORNEY NAME(S):

John S. Spadaro

ATTORNEY ID(S):

3155

FIRM NAME:

John Sheehan Spadaro, LLC

ADDRESS:

724 Yorklyn Road, Suite 375

Hockessin, DE 19707

TELEPHONE NUMBER:

(302)235-7745

FAX NUMBER:

(302)235-2536

E-MAIL ADDRESS:

jspadaro@johnsheehanspadaro.com

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS

EXPLAIN THE RELATIONSHIP(S):

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.)

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.03

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS) INSTRUCTIONS

## CIVIL CASE TYPE

Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement.

| **APPEALS** | **MISCELLANEOUS** |
|---|---|
| AADM- Administrative Agency | MAAT - Appointment of Attorney |
| ACCP - Court of Common Pleas | MAFF - Application for Forfeiture |
| ACER - Certiorari | MCED - Cease and Desist Order |
| AFAM - Family Court | MCRO - Complaint Requesting Order |
| AIAB - Industrial Accident Board | MCTO - Consent Order |
| APSC - Public Service Commission | MHAC - Habeas Corpus |
| AUIB - Unemployment Insurance Appeal Board | MIND - Destruction of Indicia of Arrest |
| **COMPLAINTS** | MISS - Issuance of Subpoena/Material Witness |
| CAAA - Auto Arb Appeal * | MMAN - Mandamus |
| CASB - Asbestos | MOUT - Out of State Deposition |
| CATT - Foreign & Domestic Attachment | MPOS - Writ of Possession |
| CCCP - Transfer from CCP* | MPRO - Writ of Prohibition |
| CCHA - Transfer from Chancery * | MROP - Petition for Return of Property |
| CCON - Condemnation | MSAM - Satisfy Mortgage |
| CDBT - Debt/Breach of Contract * | MSOJ - Compel Satisfaction of Judgment |
| CDEF - Defamation * | MTAX - Tax Ditches |
| CDEJ - Declaratory Judgment | MVAC - Vacate Public Road |
| CEJM - Ejectment * | MSEM - Set Aside Satisfaction of Mortgage |
| CFJG - Foreign Judgment * | MSSS - Set Aside Sheriff's Sale |
| CINT - Interpleader | MSEL - Sell Real Estate for Property Tax |
| CLIB - Libel * | MTOX - Hazardous Substance Cleanup |
| CMAL - Malpractice * | MCVP - Civil Penalty |
| CACT - Class Action | MREF - Tax Intercept |
| CPIA - Personal Injury Auto * | MGAR - Appointment of Guardianship |
| CPIN - Personal Injury * | MFOR - Intercept of Forfeited Money |
| CPRD - Property Damage * | MSET - Structured Settlement |
| CPRL - Products Liability * | |
| CRPV - Replevin | **MORTGAGES** |
| CSBI - Silicone Breast Implant | MORT - Mortgage |
| CTAX - Tax Appeal | |
| CFRD - Fraud Enforcement | **MECHANICS LIENS** |
| CSPD - Summary Proceedings Dispute | LIEN - Mechanics Lien * |
| **INVOLUNTARY COMMITMENTS** | |
| INVC- Involuntary Commitment | **OTHER** |
| | OTHR - Specify Type |

Case types subject to Arbitration Rule 16.1

DUTY OF THE PLAINTIFF
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the complaint.

DUTY OF THE DEFENDANT Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the answer and/or first responsive pleading.

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, Plaintiffs, | ) | C.A. No. |
| v. | ) | |
| VIGILANT INSURANCE COMPANY, Defendant. | ) | NON-ARBITRATION CASE TRIAL BY JURY DEMANDED |

**COMPLAINT FOR DECLARATORY AND OTHER RELIEF**

Plaintiffs Coleman DuPont Homsey and Ellen Homsey, as and for their complaint for declaratory and other relief against defendant Vigilant Insurance Company, allege as follows:

**Nature of the Action**

1. This is an action seeking recovery of compensatory and punitive damages, declaratory relief, attorneys' fees and other relief arising from defendant Vigilant Insurance Company's breach of contract, bad faith breach of contract, violation of 6 Del. C. §2513, and otherwise wrongful refusal to honor its contractual obligations under a certain policy of insurance denominated as a "Chubb Masterpiece Policy," and issued to the plaintiff Coleman DuPont Homsey.

2. This action seeks, among other relief, a declaration that the defendant Vigilant Insurance Company must pay Mr. and Mrs. Homsey's legal obligations for 1) thefts of certain credit cards and/or credit card numbers, up to a total of $10,000 for each such theft, and 2) losses caused by forgery of certain checks, up to a total of $10,000 for each such check.

**The Parties**

3. Plaintiffs Coleman DuPont Homsey and Ellen Homsey are natural persons and husband and wife. They reside at 466 Snuff Mill Lane, Hockessin, Delaware 19707.

4. Mr. Homsey is the named insured under "Chubb Masterpiece Policy" no. 12680929-01.

5. Defendant Vigilant Insurance Company ("Vigilant") is, on information and belief, a New York corporation with offices at 15 Mountain View Road, Warren, New Jersey 07061. It is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

**The Insurance Contract**

6. Vigilant issued to Mr. Homsey its "Chubb Masterpiece Policy" no. 12680929-01 (the "Policy"). On information and belief, the Policy has been in effect at all times relevant to this action.

7. The Policy expressly extends coverage to Mr. Homsey as "the person named in the [Policy's] Coverage Summary," along with "a spouse who lives with that person" (meaning, in this instance, plaintiff Ellen Homsey). Mrs. Homsey is thus an insured person under the Policy.

7. The Policy provides various insurance coverages, including without limitation those described within the Policy as Deluxe House Coverage, Standard Contents Coverage and Personal Liability Coverage.

8. Beginning at page T-1 of the Policy, the Policy sets forth the terms and conditions of its Personal Liability Coverage.

9. Beginning at page T-4 of the Policy, the Policy sets forth certain "Extra Coverages" as part of the Personal Liability Coverage section.

10. Among the "Extra Coverages" set forth within the Policy's Personal Liability Coverage section is one titled "Credit cards, forgery and counterfeiting," which appears at page T-6 of the Policy. This grant of "Credit cards, forgery, and counterfeiting" coverage provides as follows:

> **Credit cards, forgery, and counterfeiting**
> We cover a covered person's legal obligation, up to a total of $10,000 for:
>
> · loss or theft of a credit or bank card issued to you or a family member, provided that all the terms for using the card are complied with;
>
> · loss caused by theft of a credit card number or bank card number issued to you or a family member when used electronically, including use on the Internet, provided that all the terms for using the card are complied with;
>
> · loss caused by forgery or alteration of any check or negotiable instrument; or
>
> · loss caused by accepting in good faith any counterfeit paper currency.
>
> We will defend a claim or suit against you or a family member for loss or theft of a credit card or bank card. We have the option to defend a claim or suit against you or a family member (or against a bank, with respect to this coverage) for forgery or counterfeiting.
>
> We may investigate, negotiate and settle any such claim or suit at our discretion. Our obligation to defend ends when our payment for the loss equals $10,000.
>
> In the event of a claim, the covered person shall comply with the duties described in Policy Terms, Property Conditions, Your duties after a loss and Policy Terms, Liability Conditions, Your Duties after a loss. In addition, the covered person shall notify the credit card service company or the issuing bank.
>
> This coverage does not apply to losses covered under Identity fraud.

**The Underlying Forgeries and Thefts**

11. In or about calendar year 2000 Mr. and Mrs. Homsey opened a "Capital Advantage Checking Account" with Wilmington Trust Company, a Delaware bank (the "Checking Account"). In addition, Mr. and Mrs. Homsey were issued a Wilmington Trust Visa credit card ("the "Wilmington Trust Visa card").

12. At times relevant to this complaint, Mr. and Mrs. Homsey have also been holders of an AT&T Universal credit card (the "AT&T card").

**A.** Losses Caused By Forgery of Checks

13. Mr. and Mrs. Homsey have suffered multiple losses as the result of the forging of checks from the Checking Account. Specifically, and on information and belief, their adult son's ex-wife forged multiple checks from the Checking Account, and presented them for payment during 2003 and 2004.

14. The forged checks include individual checks written for as little as $300, or as much as $35,000.

15. The total amount of forged checks exceeds $218,000.

16. Copies of certain of the forged checks are attached hereto as Exhibit A. An itemized listing of some or all of the forged checks is attached hereto as Exhibit B.

**B.** Losses Caused By Theft of the Wilmington Trust Visa Card

17. Mr. and Mrs. Homsey have suffered multiple losses due to multiple thefts of their Wilmington Trust Visa card and/or thefts of the corresponding credit card number. Specifically, and on information and belief, their son's ex-wife misappropriated the Homseys' Wilmington Trust Visa card (and/or the corresponding credit card number) on multiple occasions during 2003, 2004 and 2005.

18. The losses suffered by Mr. and Mrs. Homsey in connection with the multiple thefts of their Wilmington Trust Visa card (and/or the corresponding credit card number) exceed $26,000.

19. The multiple thefts of Mr. and Mrs. Homsey's Wilmington Trust Visa card (and/or of the corresponding credit card number) are reflected by the documents attached hereto as Exhibit C.

C. Losses Caused By Theft of the AT&T Card

20. Mr. and Mrs. Homsey have suffered multiple losses due to multiple thefts of their AT&T card and/or thefts of the corresponding credit card number. Specifically, and on information and belief, their son's ex-wife misappropriated the Homseys' AT&T card (and/or the corresponding credit card number) on multiple occasions during 2004 and 2005.

21. The losses suffered by Mr. and Mrs. Homsey in connection with the multiple thefts of their AT&T card (and/or of the corresponding credit card number) exceed $13,000.

22. The multiple thefts of Mr. and Mrs. Homsey's AT&T card (and/or of the corresponding credit card number) are reflected by the documents attached hereto as Exhibit D.

**Coverage Under the Policy**

23. The Policy, with its terms, conditions, definitions and exclusions, was drafted by Vigilant, and/or assembled by Vigilant using pre-existing form policy wordings of its own choosing.

24. The Policy's terms, conditions, definitions and exclusions were not the product of negotiations between Vigilant (on the one hand) and Mr. and Mrs. Homsey (on the other).

25. The Policy is a contract of adhesion.

26. Because the Policy is a contract of adhesion, Mr. and Mrs. Homsey are entitled (as consumer insureds) to any reasonable reading of its terms.

27. Mr. and Mrs. Homsey suffered multiple thefts of credit cards and/or credit card numbers during the Policy's effective period, and as alleged above.

28. A reasonable reading of the Policy's "Credit cards, forgery and counterfeiting" coverage section requires Vigilant to pay up to $10,000 for each of the multiple thefts of credit cards and/or credit card numbers suffered by Mr. and Mrs. Homsey.

29. Mr. and Mrs. Homsey were the victims of multiple instances of check forging on the Checking Account during the Policy's effective period, and as alleged above.

30. A reasonable reading of the Policy's "Credit cards, forgery and counterfeiting" coverage section requires Vigilant to pay up to $10,000 for each of the multiple checks forged on the Checking Account.

<u>Vigilant's (Wrongful) Claims Handling</u>

31. By letter dated December 29, 2005 and sent by hand delivery and FedEx from Mr. and Mrs. Homsey's attorney to Weymouth & Smith Insurance, Inc., Vigilant's agent for receipt of notice of claims under the Policy, Mr. and Mrs. Homsey tendered to Vigilant their claim for coverage under the Policy's "Credit cards, forgery, and counterfeiting" coverage section. By that same letter, the Homseys provided to Vigilant's agent the documentary evidence attached hereto as Exhibits A and B.

32. Vigilant did not communicate with the Homseys or their attorney regarding the tendered claim for "Credit card, forgery, and counterfeiting" coverage during January 2006.

33. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during January 2006.

34. Vigilant did not communicate with the Homseys or their attorney regarding the tendered claim for "Credit card, forgery, and counterfeiting" coverage during February 2006.

35. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during February 2006.

36. Vigilant did not communicate with the Homseys or their attorney regarding the tendered claim for "Credit card, forgery, and counterfeiting" coverage during March 2006.

37. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during March 2006.

38. Vigilant did not communicate with the Homseys or their attorney regarding the tendered claim for "Credit card, forgery, and counterfeiting" coverage during April 2006.

39. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during April 2006.

40. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during May 2006.

41. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during June 2006.

42. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during July 2006.

43. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during August 2006.

44. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during September 2006.

45. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during October 2006.

46. Vigilant made no offer of payment to Mr. and Mrs. Homsey in connection with their claim for "Credit card, forgery, and counterfeiting" coverage during November 2006.

47. By letter dated December 4, 2006 (nearly one full year after Mr. and Mrs. Homsey tendered to Vigilant their claim for coverage under the Policy's "Credit cards, forgery, and counterfeiting" coverage section) Vigilant tendered to Mr. Homsey the amount of $10,000, contending that this amount represents some "maximum payment" for "Credit cards, forgery, and counterfeiting" coverage. Vigilant has thus failed and refused to pay to Mr. and Mrs. Homsey the full value of their claim, and has instead adopted a construction of the "Credit cards, forgery, and counterfeiting" coverage section that is designed to minimize Vigilant's financial liability on the claim.

48. Vigilant's construction of the "Credit cards, forgery, and counterfeiting" coverage section is particularly unreasonable as applied to Mr. and Mrs. Homsey's claim for loss caused by forgery. That is, the Policy expressly promises coverage up to $10,000 for loss caused by "forgery or alteration of any check . . . ." The reference to "any check" means ***any one check*** or ***any single check***. As a matter of standard English usage, it does not permit Vigilant to limit coverage to $10,000 for an aggregated group of multiple checks.

49. Vigilant's handling of Mr. and Mrs. Homsey's claim for "Credit cards, forgery, and counterfeiting" coverage has thus been wrongful in two fundamental respects: first, by virtue of the appalling delays in which Vigilant has engaged; and second, by virtue of its refusal to adopt a reasonable construction of its own Policy language.

50. Based on the facts and circumstances as alleged above, Mr. and Mrs. Homsey are entitled to coverage under the Policy's "Credit cards, forgery, and counterfeiting" coverage section, and in connection with the thefts and forgeries alleged herein.

51. Vigilant's December 4, 2006 tender of $10,000 to Mr. Homsey reflects the fact that Vigilant does not deny, or will not deny, that Mr. and Mrs. Homsey are entitled to "Credit cards, forgery, and counterfeiting" coverage under the Policy. Rather, the parties' threshold dispute relates to the dollar amount of Vigilant's coverage obligation.

**COUNT I**

**Declaratory Judgment**

52. Plaintiffs Coleman DuPont Homsey and Ellen Homsey repeat and incorporate by reference the allegations set forth in paragraphs 1 through 51 above.

53. The Policy's terms require Vigilant to pay Mr. and Mrs. Homsey's legal obligations for the thefts of credit cards and/or credit card numbers they have suffered, up to a total of $10,000 for each such theft.

54. The Policy's terms require Vigilant to pay Mr. and Mrs. Homsey's legal obligations for the forging of checks from their Checking Account, up to a total of $10,000 for each such check.

55. Vigilant has failed to pay (and refuses to pay) Mr. and Mrs. Homsey's legal obligations for the subject thefts and forgeries.

56. An actual controversy of a justiciable nature exists between Mr. and Mrs. Homsey (on the one hand) and Vigilant (on the other) concerning the parties' rights and obligations under the Policy. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

57. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

**COUNT II**

**Breach of Contract**

58. Plaintiffs Coleman DuPont Homsey and Ellen Homsey repeat and incorporate by reference the allegations set forth in paragraphs 1 through 57 above.

59. Vigilant has breached the terms of the Policy by failing and refusing to pay Mr. and Mrs. Homsey's legal obligations for the thefts and forgeries alleged herein.

60. Vigilant has breached the terms of the Policy by engaging in the conduct described in paragraphs 31 through 49 above.

61. As a direct result of Vigilant's breach of contract, plaintiffs Coleman DuPont Homsey and Ellen Homsey have been deprived of the benefits of the insurance coverage for which premiums were paid under the Policy. As a further result of Vigilant's breach of contract, plaintiffs Coleman DuPont Homsey and Ellen Homsey have suffered economic loss.

**COUNT III**

**Bad Faith Breach of Contract**

62. Plaintiffs Coleman DuPont Homsey and Ellen Homsey repeat and incorporate by reference the allegations set forth in paragraphs 1 through 61 above.

63. By valuing Mr. and Mrs. Homsey's claim for "Credit cards, forgery and counterfeiting" coverage at just $10,000, Vigilant has necessarily construed the reference to "any check" (within the "Credit cards, forgery, and counterfeiting" coverage section) to mean "all aggregated checks." This is a willfully perverse and unreasonable construction, and contrary to the plain meaning of "any" as commonly understood by ordinary speakers of standard English

(including small children). For Vigilant to adopt such a construction as a means of avoiding its coverage obligations is willful, dishonest, and without reasonable justification.

64. Vigilant's delay in investigating and paying Mr. and Mrs. Homsey's claim for "Credit cards, forgery and counterfeiting" coverage has been egregious, extreme and without reasonable justification.

65. As a direct result of Vigilant's bad faith breach of contract, plaintiffs Coleman DuPont Homsey and Ellen Homsey have suffered and will suffer injury as heretofore alleged.

## COUNT IV

## Consumer Fraud

66. Plaintiffs Coleman DuPont Homsey and Ellen Homsey repeat and incorporate by reference the allegations set forth in paragraphs 1 through 65 above.

67. The Policy contains Vigilant's promise of good faith and fair dealing in the handling of claims thereunder.

68. By selling and issuing the Policy, Vigilant promised to handle claims thereunder in good faith, and to deal fairly with Mr. and Mrs. Homsey.

69. By selling and issuing the Policy, Vigilant promised to provide "Credit card, forgery and counterfeiting" coverage consistent with the Policy's terms.

70. By engaging in the conduct alleged in paragraphs 31 through 49 above, Vigilant has created a condition of falsity in the promises it made in the course of the Policy's sale.

71. Vigilant's conduct, as alleged above, is in violation of 6 Del. C. §2513.

72. As a direct result of Vigilant's violation of 6 Del. C. §2513, plaintiffs Coleman DuPont Homsey and Ellen Homsey have suffered and will suffer injury as heretofore alleged.

WHEREFORE, plaintiffs Coleman DuPont Homsey and Ellen Homsey respectfully request that this Court enter judgment in their favor and against Vigilant Insurance Company as follows:

a. Awarding to Mr. and Mrs. Homsey compensatory damages for Vigilant's breach of contract;

b. Awarding to Mr. and Mrs. Homsey punitive damages for Vigilant's bad faith breach of contract;

c. Awarding to Mr. and Mrs. Homsey punitive damages for Vigilant's breach of the contractual duty of fair dealing;

d. Awarding to Mr. and Mrs. Homsey compensatory and punitive damages for Vigilant's violation of 6 Del. C. §2513;

e. Declaring the parties' rights, duties, status or other legal relations under the Policy;

f. Awarding to Mr. and Mrs. Homsey all costs of this action, including without limitation attorneys' fees under 18 Del. C. §4102; and

g. Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

JOHN SHEEHAN SPADARO, LLC

John S. Spadaro, No. 3155
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
(302)235-7745

April 20, 2007

Attorney for plaintiffs Coleman DuPont Homsey
and Ellen Homsey



HENRY GULICK
VIGILANT INSURANCE COMPANY
15 MOUNTAIN VIEW ROAD
WARREN NJ 07061
7006 0810 0000 9526 5928

**CERTIFICATE OF SERVICE**

I, Denise Seastone Kraft, hereby certify that on this 29th day of May 2007, I caused copy of the foregoing **Notice of Removal** to be served on the following parties in the manner indicated:

**VIA FACSIMILE & FEDERAL EXPRESS**

John S. Spadaro, Esq.
John Sheehan Spadaro, LLC
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
Phone: 302-235-7745
Fax: 302-235-2536

Denise Seastone Kraft (No. 2778)

07 - 338

JS 44(REV. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
COLEMAN DUPONT HOMSEY and ELLEN HOMSEY

**DEFENDANTS**
VIGILANT INSURANCE COMPANY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF NEW CASTLE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT SOMERSET
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) John S. Spadaro
John Sheehan Spadaro, LLC
724 Yorklyn Road, Suite 375, Hockessin, DE 19707
(302) 235-7745

ATTORNEYS (IF KNOWN)
Denise Seastone Kraft
Edwards Angell Palmer & Dodge LLP
919 N. Market Street, Suite 1500, Wilmington, DE 19801
(302) 425-7106

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 MAY 29 AM 10: 16

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government ☐ 3 Federal Question
☐ 2 U.S. Government Defendant ■ 4 Diversity (Indicated Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ■ 2 | Incorporated and Principal Place Of business in Another State | ☐ 5 | ■ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
■ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Equipment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability

PERSONAL INJURY
☐ 362 Personal Injury-- Med Malpractice
☐ 365 Personal Injury -- Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Right

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS -- Third Party 26 USC 7609

**OTHER STATUTES**
☐ 422 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statues
☐ Other Statutory Actions

**V. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding ■ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY) 28 U.S.C. §§ 1441 and 1446 - Insurance bad faith

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P 23 **DEMAND $** $ Check YES only if demanded in complaint: **JURY DEMAND:** ■ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions) N/A JUDGE ____ DOCKET NUMBER ____

DATE May 29, 2007 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-338

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF 3 COPIES OF AO FORM 85.

MAY 29 2007
(Date forms issued)

Chad Toscano
(Signature of Party or their Representative)

Chad Toscano
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action