IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-338-UNA |
| v. | ) ) | |
| VIGILANT INSURANCE COMPANY, | ) ) | NON-ARBITRATION CASE TRIAL BY JURY DEMANDED |
| Defendant. | ) | |

## VIGILANT INSURANCE COMPANY'S PARTIAL ANSWER TO THE COMPLAINT

Defendant, Vigilant Insurance Company ("Vigilant" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiffs Coleman DuPont Homsey and Ellen Homsey ("Homsey" or "Plaintiffs") as to those Counts not subject to a pending Motion to Dismiss as follows:

### Nature of the Action

1.  The allegations set forth in paragraph 1 of the Plaintiff's Complaint contain legal conclusions and a summary of the Plaintiff's claims and requests for relief to which the Defendants need not reply. In the event that these allegations are construed to require a response, the allegations are denied and Defendant call upon Plaintiffs to prove the same.

2.  The allegations set forth in paragraph 1 of the Plaintiff's Complaint contain legal conclusions and a summary of the Plaintiff's claims and requests for relief to which the Defendants need not reply. In the event that these allegations are construed to require a response, the allegations are denied and Defendant call upon Plaintiffs to prove the same.

## The Parties

3. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 3 of the Complaint.

4. Defendant admits that Masterpiece policy number 12680929-01 issued by Vigilant Insurance Company, as amended from time to time (the "Policy"), named Coleman Dupont Homsey as a named insured.

5. Defendant admits that Vigilant is a corporation organized under the laws of the State of New York, with offices located at 15 Mountain View Road, Warren, New Jersey 07061. Defendant further admits that Vigilant Insurance Company regularly sells insurance in Delaware.

## The Insurance Contract

6. Defendant admits originally issuing the Policy to Coleman Dupont Homsey so as to be effective February 5, 2004. Defendant is without knowledge or information sufficient to admit or deny the remaining averments of Paragraph 6 of the Complaint as to whether the Plaintiffs complied with the provisions of the Policy so as to keep it in effect at all times relevant to this action.

7. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied. By way of further response, Defendant is without knowledge or information sufficient to admit or deny whether Ellen Homsey is a spouse and strict proof thereof is demanded.

7.(SIC) This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

8. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

9. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

10. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

### The Underlying Forgeries and Thefts

11. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 12 of the Complaint.

**A.    Losses Caused by Forgery of Checks**

13. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 16 of the Complaint with respect to attached Exhibit A and Exhibit B.

**B.    Losses Caused by Forgery of Checks**

17. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 19 of the Complaint with respect to attached Exhibit C.

### C. Losses Caused by Theft of the AT&T Card

20. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 22 of the Complaint with respect to attached Exhibit D.

### Coverage Under the Policy

23. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 23 of the Complaint. Defendant further states that Plaintiffs were not obligated to accept the Policy as written or worded.

24. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 24 of the Complaint. Defendant further states that Plaintiffs were not obligated to accept the Policy as written or worded.

25. Defendant denies the averment in Paragraph 25 as a conclusion of law.

26. Defendant denies the averments in Paragraph 26 as conclusions of law.

27. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 27 of the Complaint.

28. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

29. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 29 of the Complaint.

30. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

### Vigilant's Claims Handling

31. Defendant only admit that Weymouth & Smith received a letter from Plaintiffs' counsel dated December 29, 2005. Defendant is without knowledge or information sufficient to admit or deny the remaining averments of Paragraph 31 of the Complaint.

32. Defendant denies the averment in Paragraph 32. Defendant communicated with the Homsey's insurance agent, as agent for the Homsey's, regarding the tendered claim in January 2006.

33. Defendant admits the averment in Paragraph 33.

34. Defendant denies the averment in Paragraph 34. Defendant communicated with the Homsey's attorney regarding the tendered claim in February 2006.

35. Defendant admits the averment in Paragraph 35.

36. Defendant admits the averment in Paragraph 36.

37. Defendant admits the averment in Paragraph 37.

38. Defendant denies the averment in Paragraph 38. Defendant communicated with the Homsey's attorney regarding the tendered claim in April 2006.

39. Defendant admits the averment in Paragraph 39.

40. Defendant admits the averment in Paragraph 40.

41. Defendant admits the averment in Paragraph 41.

42. Defendant admits the averment in Paragraph 42.

43. Defendant admits the averment in Paragraph 43.

44. Defendant admits the averment in Paragraph 44.

45. Defendant admits the averment in Paragraph 45.

46. Defendant admits the averment in Paragraph 46.

47. Defendant admits that Vigilant tendered $10,000 to Homsey on December 4, 2006 in full satisfaction of the Policy claim. Defendant denies the remaining averment that Vigilant has failed to pay Homsey full value of the claim at issue and further denies any improper construction of the Policy terms. By way of further response, this Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

48. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied. By way of further response, Defendant denies the averment in Paragraph 48 that Vigilant's actions in interpreting the Policy were improper or "particularly unreasonable."

49. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied. By way of further response, Defendant denies the averment in Paragraph 49 that Vigilant's actions in interpreting the Policy were improper or "wrongful."

50. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

51. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

## COUNT I

### Declaratory Judgment

52. Defendant hereby incorporates by reference paragraphs 1 through 51 of this partial answer as though fully set forth herein at length.

53. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

54. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied.

55. This Paragraph references the Policy which is a document that speaks for itself and any factual or legal characterizations of such are denied. By way of further response, in accordance with the Policy, Vigilant has fully paid Homsey on this claim.

56. Defendant denies the averment in Paragraph 56 that a controversy of a justiciable nature exists between the parties or that it is of sufficient immediacy to justify the entry of a declaratory judgment regarding the Policy. Vigilant has fully paid Homsey on this claim in accordance with the Policy.

57. Defendant denies the averment in Paragraph 57. Vigilant has fully paid Homsey on this claim in accordance with the Policy.

## COUNT II

### Breach of Contract

58. Defendant hereby incorporates by reference paragraphs 1 through 57 of this partial answer as though fully set forth herein at length.

59. Defendant denies the averment in Paragraph 59 that Vigilant breached the terms of the Policy. Vigilant has fully complied with the terms of the Policy.

60. Defendant denies the averment in Paragraph 60 that Vigilant breached the terms of the Policy. Vigilant has fully complied with the terms of the Policy.

61. Defendant denies the averment in Paragraph 61 that Vigilant breached the terms of the Policy. Vigilant has fully complied with the terms of the Policy.

## COUNT III

### Bad Faith Breach of Contract

Count III, paragraphs 62-65 are the subject of Vigilant's Partial Motion to Dismiss, which is the Defendant's first responsive pleading. Therefore, no Answer as to this Count III is due at this time.

## COUNT IV

### Consumer Fraud

Count IV, paragraphs 66-72 are the subject of Vigilant's Partial Motion to Dismiss, which is the Defendant's first responsive pleading. Therefore, no Answer as to this Count IV is due at this time.

WHEREFORE, Defendants respectfully requests that judgment be entered in its favor and against Plaintiffs with an award of attorneys' fees and costs in defense of this matter.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs breached the agreement between the parties.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the equitable doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to satisfy conditions precedent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have been paid in full for any claimed losses.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to join necessary parties to fully adjudicate this matter.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they failed to provide timely notice regarding their alleged losses as required under the Policy.

WHEREFORE, Defendants respectfully requests that judgment be entered in its favor and against Plaintiffs with an award of attorneys' fees and costs in defense of this matter.

Dated: June 5, 2007                           EDWARDS ANGELL PALMER & DODGE LLP

By: _____
Denise Seastone Kraft (No. 2778)
919 North Market Street
Suite 1500
Wilmington, DE 19801
(302) 425-7106
(888) 325-9741 Fax
dkraft@eapdlaw.com

Of Counsel:

Mark Seiger, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT  06103-3702
(860) 541-7745
(888) 325-9099 Fax

**CERTIFICATE OF SERVICE**

I, Denise Seastone Kraft, hereby certify that on this 5th day of June, 2007, I caused true and correct copies of **Vigilant Insurance Company's Partial Answer To The Complaint** to be served on the following counsel of record in the manner indicated:

**Via Facsimile & Federal Express**

John Sheehan Spadaro, Esq.
John Sheehan Spadaro, LLC
724 Yorklyn Road
Suite 375
Hockessin, DE 19707
Phone: (302) 235-7745
Fax:    (302) 235-2536

_____
Denise Seastone Kraft (No. 2778)