IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-338-JJF |
| v. | ) ) ) | |
| VIGILANT INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

**STIPULATION AND ORDER GOVERNING**
**THE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL**

WHEREAS, the parties to the above-captioned action (the "Litigation") submit that they could be prejudiced by the public dissemination of certain information that they believe to be confidential and proprietary commercial, financial or business information, and good cause appearing therefor;

IT IS HEREBY ORDERED that the following Order Governing the Production and Use of Confidential Material (the "Order") shall govern the designation and handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties (or any of their attorneys or agents) or by or among any non-parties (or any of their attorneys or agents) in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

1. Any party who produces, gives, or exchanges Discovery Material (the "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material

contains nonpublic, confidential, proprietary or commercially or personally sensitive information that requires the protections provided in this Order ("Confidential Discovery Material"). The designation by any Producing Party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a good faith basis for such designation. A non-party to this Litigation who produces, gives or exchanges Discovery Material shall have all rights accorded to Producing Parties under this Order.

2.   Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

3.   The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Producing Party:

(a)   in the case of documents or other materials produced by Plaintiffs or Defendants, all such documents and materials shall be considered Confidential Discovery Material, regardless of the lack of designation as "Confidential – Subject to Protective Order [*Homsey v. Vigilant, C.A. No. 07-338-JJF*];"

(b)   in the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential – Subject to Protective Order [*Homsey v. Vigilant, C.A. No. 07-338-JJF*]" to each page containing any Confidential Discovery Material, except that in the case of multipage documents bound together by staple or other permanent binding, the designation "Confidential – Subject to Protective Order [*Homsey v. Vigilant, C.A. No. 07-338-JJF*]" need only be stamped on the first page of the document in order for the entire document to be treated as

Confidential Discovery Material; *provided* that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order;

(c) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within ten business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter and, in the case of (ii), all recipients of transcripts, that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. Only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

4. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) attorneys who represent parties in this Litigation and whose firm has entered an appearance in this Litigation on behalf of any party, and regular and temporary employees and support staff of such attorneys (including copying and litigation support services) assisting in the conduct of the Litigation;

(b) experts or consultants assisting such counsel in the conduct of the Litigation, and their regular or temporary staff;

(c)     witnesses or deponents and their counsel during the course of or in preparation for depositions or testimony in this Litigation;

(d)     any named party, and the directors, officers and employees of the parties (including their parents, subsidiaries and affiliates) who are assisting the parties in this Litigation, or who appear as witnesses or deponents;

(e)     the Court and persons employed by it or appointed by it in connection with this Litigation;

(f)     any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

(g)     Court reporters employed in connection with the Litigation; and

(h)     any other person only upon: (i) order of the Court entered upon notice to the parties or (ii) written stipulation of the party that produced the Confidential Discovery Material.

5.    Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof. Before a party or its counsel may show or disclose Confidential Discovery Material designated by any party or non-party to any person listed in Paragraph 4(b) above, that person shall be required to confirm his or her understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit "A" hereto.

6.    To the extent that any party seeks to file documents designated as "Confidential," and/or materials containing or summarizing Confidential Information

with the Court in connection with this proceeding, the party shall, on each occasion, unless the court directs otherwise, file it with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation: "FILED UNDER SEAL – CONTAINS CONFIDENTIAL INFORMATION – TO BE OPENED ONLY AS DIRECTED BY THE COURT."

7. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(d) prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Order;

(e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

   (f) prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

  8. This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose. In addition, nothing herein shall prevent a party from disclosing Confidential Discover Material to (a) officers, directors or employees of the Producing Party, (b) any individual to whom the Producing Party previously provided the Confidential Discovery Material, (c) any author or prior recipient of the Confidential Discovery Material, or (d) any other person upon the agreement of the Producing Party or upon order of the Court. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation.

  9. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person the original and all copies of that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an order compelling production of the material,

and until further order of the Court, such party shall not use the allegedly inadvertently produced material, or information derived therefrom, for any purpose, and shall not claim the inadvertent production of protected or privileged information constitutes a waiver of, or estoppel as to, any claim of privilege or protection.

10. Subject to Paragraph 8 hereof, in the event additional parties join or are joined in this Litigation, they and their counsel shall not have access to Confidential Discovery Material unless and until the newly joined party by its counsel has executed a form of this Order signed by counsel to all parties.

11. The parties hereto shall be entitled to seek modification of this Order, or relief therefrom, by application to the Court on notice to the other parties hereto for good cause.

12. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Upon termination of the Litigation, either by final judgment (and the expiration of any and all appeals therefrom), settlement or other dismissal, all parties shall return to counsel for each Producing Party all Confidential Discovery Material received from such party including all copies, prints, summaries and other reproductions of such information, in possession of the parties and their counsel, agents, experts or consultants. As an alternative to returning all or party of such Confidential Discovery Material, and with the written consent of the Producing Party's counsel, a party may certify to such counsel in writing that it has destroyed all unreturned Confidential Discovery Material. Certifications executed pursuant to this paragraph 12 shall be retained for one (1) year

after the conclusion of the Litigation, including the conclusion of any appeals or other final disposition.

13. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material, or objecting to the application of any provision of this Order, may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation or the application of said provision. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

14. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel for the Producing and receiving parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

15. If any person receiving documents covered by this order (the "Receiver") is subpoenaed in another action or proceeding, or served with a document demand, and such subpoena or demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall give (i) prompt actual written notice, by hand or facsimile transmission, to the Producing Party within five (5) business days of receipt of such subpoena or demand (except it shall give immediate notice in the event the disclosure is required by order of the court or

arbitration tribunal in less than five (5) business days), and (ii) shall object to the production on the grounds of the existence of this Order and decline to produce the material unless otherwise ordered by a court. The burden of opposing the enforcement of the subpoena or demand shall fall upon the Producing Party. Unless the Producing Party obtains a court order directing that the subpoena or demand not be complied with, and serves such order upon the Receiver by hand delivery prior to production pursuant to the subpoena or demand, the Receiver shall be permitted to produce documents responsive to the subpoena or demand on the required response date. Compliance by the Receiver with any order directing production of any Confidential Discovery Material pursuant to the subpoena or demand shall not constitute a violation of this Stipulation and Order.

16. The parties to this Stipulation and Order may execute it in counterparts and by facsimile or other electronically transmitted signature, all of which together constitute one and the same Order.

| **EDWARDS ANGELL PALMER & DODGE LLP** | **JOHN SHEEHAN SPADARO, LLC** |
|---|---|
| _/s/ Joseph B. Cicero_<br>Denise Seastone Kraft (I.D. No. 2778)<br>Joseph B. Cicero (I.D. No. 4388)<br>919 N. Market Street<br>15th Floor<br>Wilmington, Delaware 19801<br>302.777.7770<br>302.777.7263 (*Fax*)<br><br>*Attorneys for Defendant* | _/s/ John Sheehan Spadaro_<br>John Sheehan Spadaro (I.D. No 3155)<br>725 Yorklyn Road, Suite 375<br>Hockessin, Delaware 19707<br>302.235.7745<br>302.235.2536 (*Fax*)<br><br>*Attorneys for Plaintiffs* |

SO ORDERED this ____ day of _____, 2007.

_____
United States District Judge

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-338-UNA |
| v. | ) ) ) | |
| VIGILANT INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

I hereby certify my understanding that Discovery Material and/or Confidential Discovery Material are being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Production and Use of Confidential Material (the "Order") entered by the United States District Court for the District of Delaware, and that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the District Court for purposes of enforcement of the order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____     Signature: _____

                                  Name:    _____

                                  Title:   _____