IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, ) ) ) | |
| Plaintiffs, ) ) ) | C.A. No. 07-338JJF |
| v. ) ) ) | |
| VIGILANT INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

## STATEMENT REQUIRED TO BE FILED UNDER D. DEL. LR 7.1.1

Pursuant to D. Del. LR 7.1.1, the undersigned counsel states that he made a reasonable effort to reach agreement with Vigilant's attorneys on the subject matter of the accompanying motion to compel. Specifically, counsel wrote to Vigilant's attorneys by letter dated September 7, 2007, referring Vigilant to applicable case law and asking it to "produce the requested training materials along with fully responsive answers to the corresponding interrogatories." Ex. A. By letter dated October 26, 2007, Vigilant responded that it "continues to object to the discovery of generic training materials . . . ."

Respectfully submitted,

/s/ John S. Spadaro
John S. Spadaro, No. 3155
John Sheehan Spadaro, LLC
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
(302)235-7745

November 13, 2007

Attorney for plaintiffs Coleman
DuPont Homsey and Ellen Homsey

1618

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 07-338JJF |
| v. | ) ) |
| VIGILANT INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Denise Seastone Kraft
Edwards Angell Palmer & Dodge LLP
919 North Market Street
Wilmington, DE 19801

In addition, I certify that the document itself was served by U.S. Mail at the address shown.

November 13, 2007

JOHN SHEEHAN SPADARO, LLC
/s/ John S. Spadaro
John S. Spadaro, No. 3155
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
(302)235-7745

Attorney for Coleman DuPont
Homsey and Ellen Homsey

1600

# EXHIBIT A

Case 1:07-cv-00338-JJF     Document 30-2     Filed 11/13/2007     Page 1 of 4

# John Sheehan Spadaro, LLC

ATTORNEY AT LAW

724 YORKLYN ROAD, SUITE 375

HOCKESSIN, DELAWARE 19707

TELEPHONE: 302.235.7745

FACSIMILE: 302.235.2536

JSPADARO@JOHNSHEEHANSPADARO.COM

September 7, 2007

**BY U.S. MAIL AND E-MAIL**
Denise Seastone Kraft, Esq.
Edwards Angell Palmer & Dodge LLP
919 North Market Street
Wilmington, DE 19801

    RE: **Homsey v. Vigilant Ins. Co.**
          **C.A. No. 07-338JJF**

Dear Denise:

    I write to address certain deficiencies (as we view them) in Vigilant's responses to our written discovery. My hope is that Vigilant will supplement its responses without the need for judicial intervention.

    I. **Discovery Regarding Training Materials**

    Interrogatory Nos. 1 through 3 of our initial interrogatories relate to discovery of generic training materials -- that is, training materials and claims-handling guidelines that are not specific to any particular policyholder, claimant or claim.

    Interrogatory No. 1 asks Vigilant whether, at any time since January 1, 2005, it has provided or presented any written or recorded "guidelines, instructions, standards or training materials" to its employees, etc., with respect to the handling of claims under the "Chubb Masterpiece" policy form (including without limitation claims for "Credit cards, forgery and counterfeiting" coverage). Interrogatory No. 2 asks Vigilant to identify the persons involved in the drafting, etc., of such training materials.

    Interrogatory No. 3, meanwhile, asks Vigilant to identify documents referring to, relating to or constituting evidence of the subject matter of its response to Interrogatory No. 1 -- an inquiry that would require Vigilant to identify, at a minimum, the training materials themselves.

1523

Denise Seastone Kraft, Esq.
September 7, 2007
Page 2

---

Request Nos. 4 and 5 of our initial documents requests likewise seek discovery relating to training materials. Request No. 4 seeks production of documents, audiotapes, videotapes, etc., used by Vigilant since January 1, 2005 for the purpose of "training, instructing or providing guidance to" its employees "in connection with the handling of claims arising under any 'Chubb Masterpiece Policy' or similar insurance product (including without limitation claims for 'Credit cards, forgery and counterfeiting' coverage)." Request No. 5 seeks production of similar training materials with respect to insurance claims generally.

Vigilant objected to these interrogatories and document requests in their entirety, refusing to provide any responsive documents or information whatever. Vigilant's objections include overbreadth, vagueness, relevance and confidentiality.

With all respect, these objections are not well taken. Courts routinely permit discovery of an insurer's generic training materials in coverage litigation, even in cases where no bad faith claim has been pled. *See U.S. Fire Ins. Co. v. Bunge North America, Inc.*, __ F.R.D. __ (D. Kan. July 23, 2007) (upholding Magistrate Judge's ruling compelling production of generic claims-handling materials, district court finds that "even manuals for periods outside the time that [the insured's] claims were handled could be relevant"); *Mariner's Cove Site B Assoc. v. Travelers Indem. Co.*, No. 04-CIV-1913(KMW)(RLE), 2005 WL 1075400, slip op. at *1 (S.D.N.Y. May 2, 2005) (collecting cases for the proposition that "claims manuals are relevant and discoverable in actions to recover insurance reimbursement"); *Stonewall Ins. Co. v. Nat'l Gypsum Co.*, No. 86-CIV-9671(SWK), 1988 WL 96159, slip op. at *3-5 (S.D.N.Y. Sept. 6, 1988) (upholding Magistrate's order compelling production of claims manuals, district court observes that "several decisions, within [the Second] Circuit and without, have permitted such discovery.")

Further, our discovery requests have been narrowly tailored to embrace a time period relevant to this case -- one whose "timeline" effectively begins in 2005 and continues to the present.

Nor is confidentiality an issue. Vigilant's approach to training and instructing its claims handlers will necessarily be reflected in the way it handles claims; and those methods will thus be made known, albeit on a piecemeal basis, to those of Vigilant's insureds who have occasion to tender claims under their policies. Such methods and standards cannot possibly rise to the level of trade secrets. Of course, if confidentiality were a genuine concern, the parties could ensure confidentiality with the entry of an appropriate confidentiality order; and we are willing to negotiate such an order with Vigilant at any time.

In short, we ask Vigilant to reconsider its objections. More specifically, we ask that Vigilant produce the requested training materials along with fully responsive answers to the corresponding interrogatories. If Vigilant will do this, we can avoid the burden and expense of motion practice on the "training materials" issue.

Denise Seastone Kraft, Esq.
September 7, 2007
Page 3

---

## II. Privilege Assertions

Vigilant's privilege log asserts attorney-client privilege and work product protection for the documents numbered DEF102 and DEF112. In order to assess Vigilant's claims of privilege, however, more information is needed.

Specifically, who is the attorney involved in these purported attorney-client communications? For what specific purpose(s) were these documents created? Were they created under the direction or supervision of any attorney? Were they created prior to the involvement of counsel?

Complete and candid answers to these questions should place us in a position to reach a meaningful assessment of Vigilant's privilege claims. Accordingly, please provide Vigilant's answers at your earliest opportunity.

***

I appreciate whatever thoughtful consideration Vigilant is willing to give to these important issues.

Very truly yours,

John S. Spadaro

JSS/slr

1523