IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 07-338 (JJF) |
| v. | ) ) | |
| VIGILANT INSURANCE COMPANY, | ) ) ) | NON-ARBITRATION CASE TRIAL BY JURY DEMANDED |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER**

EDWARDS ANGELL PALMER & DODGE LLP
Denise Seastone Kraft (#2778)
919 North Market Street, 15th Fl.
Wilmington, DE 19801
(302) 425-7106
dkraft@eapdlaw.com

OF COUNSEL:

Mark Seiger
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103-3702
(860) 541-7745

November 13, 2007

## TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..................................................................................................1

II. RELEVANT CALIMS AND DEFENSES PLEAD ..............................................1

III. VIGILANT'S DISCOVERY REQUESTS ............................................................2

IV. ARGUMENT..........................................................................................................2

    A. The Discovery Items Sought By Vigilant Are Relevant
       To Its Defenses ...........................................................................................2

    B. Vigilant Has Not Waived And Is Not Estopped From
       Denying Coverage .....................................................................................3

    C. The Cases Cited By Plaintiffs Are Inapposite .........................................4

# TABLE OF AUTHORITIES

**Page(s)**

*Apex; D.E.M. v. Allickson*,
    555 N.W.2d 596 (N.D. 1996) .................................................................................5

*Apex Mut. Ins. Co. v. Christner*,
    240 N.E.2d 742 (Ill. Ct. App. 1968) ........................................................................4

*Brandywine Shoppe, Inc. v. State Farm Fire and Cas. Co.*,
    307 A.2d 806 (Del. Super. 1973)..............................................................................3

*Delaware Ins. Guar. Ass'n v. Sezna*,
    1994 WL 476166 (Del. Ch. 1994) ...........................................................................4

*Delmar News, Inc. v. Jacobs Oil Co.*,
    584 A.2d 531 (Del. Super. 1990).........................................................................4, 5

*First Fed. Savings and Loan Ass'n of New Castle County v. Nationwide Mut.*
    *Fire Ins. Co.*, 460 A.2d 543 (Del. 1983) .................................................................4

*Griggs v. Bertram*,
    443 A.2d 163 (N.J. 1982) ........................................................................................5

*Martin v. Colonial Ins. Co. of California*,
    644 F. Supp. 349 (D. Del. 1986) .............................................................................3

*Miller v. Northern Ins. Co. of New York*,
    39 A.2d 23 (Del. Super. Ct. 1944)...........................................................................4

*Nat'l. Fire Ins. Co. of Hartford v. Eastern Shore Labs., Inc.*,
    301 A.2d 526 (Del. Super. 1973).............................................................................4

*Ogden v. United States Fidelity and Guar. Co.*,
    933 P.2d 1200 (Ariz. Ct. App. 1997).......................................................................5

## RULES

F.R.C.P. 12(f) ..................................................................................................................1, 2

F.R.C.P. 26(b)(1) ..................................................................................................................2

## I. INTRODUCTION

Plaintiffs Coleman Dupont Homsey and Ellen Homsey ("Homseys" or "Plaintiffs") failed to timely attack the adequacy of Defendant Vigilant Insurance Company's ("Vigilant" or "Defendant") defenses pursuant to a Federal Rule of Civil Procedure 12(f) motion to strike any alleged insufficient defenses because they did not make such a motion within 20 days of Vigilant filing its Amended Answer on August 10, 2007 [D.I. 15], as required under the F.R.C.P. 12(f). Having missed the opportunity to fully brief and argue the issue to the Court, the Plaintiffs now belatedly raise the issue of the adequacy of Vigilant's defenses in a discovery motion and are attempting to strip Vigilant of several of its defenses through the abbreviated and accelerated procedures afforded to discovery disputes under the scheduling order. Such a procedure is unfair to Vigilant, prejudices its ability to fully set forth the pertinent issues for the Court and delays discovery of the Plaintiffs. Accordingly, Defendant Vigilant opposes the Plaintiffs' motion for a protective order ("Motion") with respect to certain items contained in Vigilant's initial interrogatories and document requests.

## II. RELEVANT CLAIMS AND DEFENSES PLEAD

Plaintiffs are suing Defendant for declaratory judgment, breach of contract, bad faith breach of contract and consumer fraud related to an insurance coverage dispute involving the alleged forgery of multiple checks and continuous unauthorized use of their credit cards by their daughter-in-law over a 2 year period of time. Essentially, Plaintiffs are asking the Court to determine through declaratory judgment whether each alleged forgery of a check and each unauthorized credit card transaction constitutes one or multiple "occurrence(s)," as defined in Chubb Masterpiece Policy, Policy No. 12680929-01, sold to them by Vigilant (the "Policy"). Therefore, the extent of the insurance coverage and interpretation of the insurance policy is undeniably at the very heart of the dispute. In their attempt to expand insurance coverage through policy language interpretation, Plaintiffs' claim puts at issue the details surrounding each alleged forgery and unauthorized transaction. It is precisely these relevant details that Plaintiffs' seek to avoid responding to through Vigilant's discovery requests.

Plaintiffs can not claim that they are surprised by the discovery requests. Vigilant through its answer and asserted defenses clearly put Plaintiffs on notice that it disputes the existence of coverage as asserted by Plaintiffs and also argues in the alternative that if

it is determined that coverage exists for Plaintiffs' alleged loss(es), the acts together constitute one "occurrence" and Vigilant's payment of the $10,000 policy limit satisfies its obligations under the Policy. Defendant's amended answer alleges various defenses, including but not limited to, the defenses of unclean hands, estoppel, laches, waiver, Plaintiffs' own breach of contract, failure to satisfy conditions precedent, failure to join necessary parties and failure to provide timely notice regarding their alleged losses. If Plaintiff believed that any of the defenses were inadequate or improper, then they had an opportunity to file a F.R.C.P 12(f) motion to strike before a scheduling order was entered into and discovery began. They did not.

### III.   VIGILANT'S DISCOVERY REQUESTS

After discovery began, in accordance with their defenses and under the constraints of the discovery deadlines, Vigilant sent to Plaintiffs discovery requests pursuant to F.R.C.P. 26(b)(1) that were aimed directly at discovering information that "is relevant to the claim or defense of any party...". *See* F.R.C.P. 26(b)(1). Specifically, Defendants requested information relating to Plaintiffs' claims that their daughter-in-law misappropriated the Plaintiffs' funds by improper use of credit cards and checks. Plaintiffs responded by seeking a protective order "because Vigilant's discovery bears no relation to the claims and defenses in this case." (Motion at p. 1).

The discovery that Plaintiffs do not wish to answer and for which they seek a protective order all relate to questions and information about the most basic aspects of each alleged theft by their former daughter-in-law.

### IV.   ARGUMENT

#### A. The Discovery Items Sought By Vigilant Are Relevant To Its Defenses

Plaintiffs' claims are based on the alleged forgery of bank checks and unauthorized use of two credit cards by their then daughter-in-law, during the period of 2003 through 2005 while she was married to their son, Walter Homsey. The discovery requests[1], which are the basis of Plaintiffs' Motion, include requests for details and documentation relating to each specific withdrawal, actions taken by Plaintiffs in response to the alleged theft, and whether Plaintiffs' son or daughter-in-law was a signatory on the account or was authorized to withdraw money from the account. In

---

[1] The specific discovery items affected by this Motion include Interrogatory Nos. 4(d)-(i), 5(d)-(i), 6(d)-(i), 12-16, 22, 23 and 25; and Document Request Nos. 3, 4 and 7.

WLM_511387_1/DKRAFT

order to support their allegations of unauthorized use, Plaintiffs must provide evidence that their former daughter-in-law was not authorized to draw from the account. Not only is the requested information relevant, but Plaintiffs' own actions, including their failure to notice the alleged theft that occurred over a two year period, their failure to pursue their daughter-in-law, and the fact that many of the allegedly stolen funds appear to be for items purchased for their own son's benefit, including groceries and landscaping services. Such actions or inactions cast serious doubt on the veracity of their claims. In addition, the Policy excludes coverage for injury intentionally caused by a family member. It is alleged that Plaintiffs' daughter-in-law, a family member, intentionally used credit cards and checks that did not belong to her. Accordingly, coverage would be excluded based on the Intentional Acts exclusion. The Policy also contains a "concealment or fraud provision" that voids the Policy if any covered person "intentionally concealed or misrepresented any material fact relating to this policy before or after a loss." Serious doubt has been raised as to the veracity of this claim and Vigilant signaled its intent to explore this area of interest by raising unclean hands as a defense in addition to estoppel, laches, waiver, breach of contract, failure to satisfy conditions precedent, failure to join necessary parties and failure to provide timely notice regarding their alleged losses.

### B. Vigilant Has Not Waived And Is Not Estopped From Denying Coverage

Contrary to Plaintiffs' factually unsupported assertion in its Motion that Vigilant's coverage dispute rights were not reserved, Vigilant did reserve its rights pursuant to the Policy. Should the Court determine (at the proper time, and not prematurely at the discovery stage) that Vigilant's communications to Plaintiffs do not sufficiently reserve Vigilant's rights, Vigilant nonetheless argues that it has not waived its rights to challenge each alleged misappropriation of funds by the Plaintiffs' daughter-in-law and is not estopped from asserting its coverage defenses at this time. Plaintiffs do not claim to have been, nor have they been, prejudiced or harmed in any way by Vigilant's payment of $10,000 to their benefit; therefore waiver and estoppel do not apply. Further, Plaintiffs cannot create coverage where none exists.

Under Delaware law, waiver cannot create coverage where none exists. *Martin v. Colonial Ins. Co. of California*, 644 F. Supp. 349, 352 (D. Del. 1986) (noting, "waiver cannot create coverage where none is contracted for by the parties"); *Brandywine Shoppe, Inc. v. State Farm Fire and Cas. Co.*, 307 A.2d 806, 809 (Del. Super. 1973) ("as

a general rule, the doctrines of estoppel and waiver may not be invoked to make a new contract, or to change radically the terms of the policy to cover additional subject matter.").

While Delaware courts have carved out an exception to this general rule, whereby an insurer is estopped from denying coverage if the insured relied on the insurer's actions and suffered a "prejudicial change in his position as a consequence of such reliance," this exception does not apply here where Vigilant asserts that coverage never existed from the beginning based on the terms of the Policy. Id., at 809. *See also Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531 (Del. Super. 1990); *Nat'l. Fire Ins. Co. of Hartford v. Eastern Shore Labs., Inc.*, 301 A.2d 526, 529 (Del. Super. 1973); *Delaware Ins. Guar. Ass'n v. Sezna*, 1994 WL 476166 (Del. Ch. 1994) (a party was estopped from refusing to continue providing a defense, noting that prejudice exists where an insurer withdraws from the defense of an individual four years into the litigation, however that "a time delay, in and of itself, is insufficient to justify estopping an insurer from refusing to defend an insured"). In order for an estoppel to occur, an insurer's actions must not only be misleading, but the insured must have relied on those misleading acts to its detriment. *First Fed. Savings and Loan Ass'n of New Castle County v. Nationwide Mut. Fire Ins. Co.*, 460 A.2d 543, 545-46 (Del. 1983). Plaintiffs have not asserted any reliance to their detriment on the issue of coverage.

### C. **The Cases Cited By Plaintiffs Are Inapposite**

Plaintiffs assert in their Motion that "courts universally hold that by covering a claim an insurer waives coverage defenses." (Motion p. 2). As discussed above, Vigilant did not provide coverage for Plaintiffs' claim in the manner and in the amounts Plaintiffs assert that they are entitled to in their Complaint. Further, payment was made pursuant to a reservation of rights.

Plaintiffs rely on cases that are almost exclusively from jurisdictions other than Delaware and are clearly distinguishable from the present matter. Several of the cases relied upon by Plaintiffs involve an alleged breach of a policy condition – the duty to cooperate or the duty to timely file proof of loss.[2] Vigilant does not dispute the fact that an insurer might waive its right to assert a breach of a technical policy condition by not

---

[2] *See Apex Mut. Ins. Co. v. Christner*, 240 N.E.2d 742 (Ill. Ct. App. 1968); *Miller v. Northern Ins. Co. of New York*, 39 A.2d 23 (Del. Super. Ct. 1944).

- 4 -

acting with reasonable promptness under the circumstances. However, contrary to those cases, Vigilant believes that it has acted reasonably at all times under the circumstances and such a determination of Vigilant's actions should be made in due course by the Court after Vigilant is afforded full discovery. In addition, other cases cited to by Plaintiffs in their Motion involve insurance companies declining to provide a defense for their insureds against third parties and involve issues regarding an insured's right to control its own defense[3]. However, Plaintiffs' have not been sued by a third party for their former daughter-in-law's alleged misappropriations and Vigilant was never asked to provide a defense to the Plaintiffs. In fact, Plaintiffs could have chosen to pursue their former daughter in law for the damages but chose not to do so in this lawsuit.

Vigilant is not relying solely on the fact that Plaintiffs breached Policy conditions by failing to timely file notice of this claim and in providing requested documentation. Vigilant also defends based on the fact that there is simply no coverage for the specific acts complained of by Plaintiffs. The cases cited by Plaintiffs do not involve situations where, as here, there is simply no coverage afforded under the Policy due to certain Policy coverage exclusions. Under Delaware law, waiver or estoppel cannot create coverage. Vigilant claims that no coverage exists for Plaintiffs' claim based on the insuring agreement section of the Policy. Accordingly, Vigilant did not waive its right to deny coverage, as none existed pursuant to the Policy.

An analogous case to the situation at issue here is *Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 535 (Del. Super. 1990). In *Delmar*, the liability insurer made an initial payment for the clean up work of an environmental contamination allegedly caused by its insured but then made no additional payments. The insurance company was then sued by the third party property owner for the additional costs of the cleanup. Amongst its allegations, the third party property owner asserted a claim against the insurance company for estoppel because of the initial payment. The court rejected the estoppel claim because the third party property owner did not rely to its determinant on the insurance company's actions and there was no showing of prejudice.

Plaintiffs have not relied upon or been prejudiced by Vigilant's actions. Vigilant has not been asked to nor provided a defense to Plaintiffs. Despite Plaintiffs unsupported

---

[3] *See Ogden v. United States Fidelity and Guar. Co.*, 933 P.2d 1200 (Ariz. Ct. App. 1997); *Apex*; *D.E.M. v. Allickson*, 555 N.W.2d 596 (N.D. 1996); *Griggs v. Bertram*, 443 A.2d 163 (N.J. 1982).

claims, Vigilant has not waived its rights and cannot be estopped from asserting its coverage defenses that are based on the exclusionary clauses and policy language going to the scope of coverage. Therefore, based on the foregoing, it is respectfully requested that this Court deny Plaintiffs' motion for a protective order, as without the requested relevant information, Vigilant will be unable to defend itself to the fullest extent possible.

        EDWARDS ANGELL PALMER & DODGE LLP

        */s/ Denise Seastone Kraft*

        Denise Seastone Kraft (#2778)
        919 North Market Street
        Suite 1500
        Wilmington, DE  19801
        (302) 425-7106
        dkraft@eapdlaw.com
          *Attorney for Defendant*
          *Vigilant Insurance Company*

OF COUNSEL:

Mark Seiger
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT  06103-3702
(860) 541-7745

November 13, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 07-338 (JJF) |
| v. | ) ) | |
| VIGILANT INSURANCE COMPANY, | ) ) ) | NON-ARBITRATION CASE TRIAL BY JURY DEMANDED |
| Defendant. | ) | |

### ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

On this _____ day of November, 2007, having considered Plaintiffs Coleman Dupont Homsey and Ellen Homsey's Motion for Protective Order (the "Motion"), Plaintiffs' memorandum in support of the Motion, and Defendant Vigilant Insurance Company's opposition thereto, it is hereby ORDERED that such Motion is DENIED;

It is further ORDERED that Plaintiffs produce responses to Defendant's written discovery requests and produce such relevant documents within ten (10) days.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I, Denise Seastone Kraft, hereby certify that on this 13th day of November, 2007, the attached *Defendant's Memorandum In Opposition To Plaintiffs' Motion For Protective Order* was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following counsel of record:

> John Sheehan Spadaro, Esq.
> John Sheehan Spadaro, LLC

and that same was caused to be served upon the following in the manner indicated:

### BY FACSIMILE and U.S. FIRST-CLASS MAIL

> John Sheehan Spadaro, Esquire
> John Sheehan Spadaro, LLC
> 724 Yorklyn Road
> Suite 375
> Hockessin, DE  19707
> (302) 235-7745
> (302) 235-2536 (fax)

> */s/ Denise Seastone Kraft*
> Denise Seastone Kraft (#2778)
> dkraft@eapdlaw.com