IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, <br><br> Plaintiffs, <br><br> v. <br><br> VIGILANT INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. 07-338 (JJF) <br> ) <br> ) <br> )    NON-ARBITRATION CASE <br> )    TRIAL BY JURY DEMANDED <br> ) <br> ) |

**VIGILANT INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF GENERIC TRAINING MATERIALS**

Defendant, Vigilant Insurance Company ("Vigilant" or "Defendant"), by and through its undersigned counsel, hereby opposes the Plaintiffs' Motion to Compel Production of Generic Training Materials (the "Motion"). In support thereof, Defendant states the following:

1. Plaintiffs seek to compel production of Vigilant's "generic training materials," which are outside the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party …. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *See* Fed. R. Civ. P. 26(1). Vigilant's "generic training materials" are not relevant to the subject matter of the instant action, and therefore are not discoverable. This action concerns insurance coverage and claims handling under the specific Chubb homeowners' Masterpiece Policy No. 12680929-01 issued by Vigilant (the "Policy"). In particular, this action involves insurance coverage and claims made

under the property portion of the Policy pursuant to the section addressing "Credit cards, forgery and counterfeiting." This action does not concern claims handling by Vigilant generally.[1] This action deals with a small coverage section dealing with coverage for liability owed to third parties arising from the loss or theft of a credit card, forgery and counterfeiting. That said, Vigilant's generic training materials concerning its insurance policies having nothing to do with claims for theft, forgery and credit card fraud and have no bearing or relation to the instant action. Generic training materials are not relevant to instant dispute and are not reasonably calculated to lead to admissible evidence.

    2.    Indeed, Vigilant already has produced the materials **specific** to the instant dispute and responsive to Plaintiffs interrogatories and requests for production of documents. Specifically, on August 17, 2007, Vigilant produced documents encompassing the entire claims file for this matter. Then, on October 26, 2007, subsequent to the execution of the Stipulation and Order Governing the Production and Use of Confidential Material (D.I. 23), Vigilant produced an additional document comprising the insurance claims guidelines, the "ECSC – Casualty, Accident, Benefits & Life Workflow" (DEF170-DEF189). In the October 26 cover letter enclosing the supplemental production, Vigilant answered interrogatories 1 through 3 by stating that it does not possess claims manuals relating to the handling of claims under the Policy, but that the "ECSC – Casualty Accident, Benefits & Life Workflow" was used by the

---

[1] Vigilant's Masterpiece policies available to Delaware insureds makes available 15 different types of coverage for such types of insurance as liability, property, inland marine, automobile and workers' compensation. Plaintiffs have not limited their requests to the subject matter at issue -- not even in filing this Motion. The section of coverage applicable to this case is under the personal liability section of the Policy. Even if Plaintiffs limited their requests to claim handling material relating to personal liability coverage, this too would be too broad and would produce irrelevant information. The personal liability section encompasses coverage for liability arising from bodily injury, property damage, and personal injury. Such liability claims triggered by this coverage are libel and slander, advertising injury, invasion of privacy, damage to third party's property, and injury to third parties.

department at Vigilant that handled Plaintiffs' claim. (*See* 10/26/07 letter from D. Kraft to J. Spadaro, attached hereto as Ex. "A").

3.  Based on the October 26 supplemental production and discovery responses, the only discovery at issue is Request No. 5, which requests production of "[a]ll writings ... or other documents ... for the purpose of training, instructing or providing guidance to your employees, agents or other representatives in connection with the handling of insurance claims generally." (Request No. 5, Ex. C to Mot.) Apparently, Vigilant's supplementation (which produced materials specific to Plaintiffs' claims) was not enough, as Plaintiffs instead seek to engage in a broad fishing expedition. This Court should not countenance such tactics. To require Vigilant to produce all "generic training policies" would be overly burdensome to Vigilant by requiring Vigilant to produce training materials for the entire company's line of insurance policies.

5.  Plaintiffs cite to case law from other jurisdictions for the proposition that "Courts routinely permit discovery of an insurer's generic training materials." (Mot. 3.) The cases cited by Plaintiffs are distinguishable from the instant case. For example, *Stonewall Insurance Company v. National Gypsum Company*, 1988 WL 96159 (S.D.N.Y. Sept. 6, 1988) involved a complicated case involving thirty parties and an amount in controversy of $700 million. *Id.* at *1. In that case, the court ordered the defendants to produce claims files not at issue in the case. Specifically, the *Stonewall* Court required them to "produce 'ten earliest and ten most recent claims files subsequent to 1969' that deal with claims asserted regarding asbestos in buildings, leaded paint, foam insulation, and pollution and/or toxic or hazardous waste." *Id.* at *2. The plaintiffs in that case argued that such files would "provide interpretive documents reflecting the meaning of

critical terms in the policies such as 'occurrence', 'property damage', and 'pollution'." *Id.* The court agreed and held, "such policies would or could be useful in the interpretive process, and are thus relevant and discoverable under Rule 26 of the Federal Rules of Civil Procedure." *Id.* at *3. The present situation is markedly different. In the instant case, Plaintiffs are not seeking policies of different policyholders, but rather, Plaintiffs are seeking training manuals and claims-handling guidelines regarding policies other than the one at issue in this case. In another case cited by Plaintiffs, *Mariner's Cove Site B Associates v. Travelers Indemnity Company*, 2005 WL 1075400 (S.D.N.Y. May 2, 2005), plaintiffs sought defendants' underwriting manuals, the "methods used to evaluate, analyze, handle, and adjust plaintiffs' claims." *Id.* at *1. The court ordered that the defendants produce such materials concerning the "genesis of the applicable provision and its application to other insureds." *Id.* Here, Plaintiffs seek materials not relevant to the Policy, which will provide no insight into the meaning of the Policy provision at issue.

6. In sum, Plaintiffs already have received the discovery concerning the claims at issue in this action and should not be permitted to conduct a fishing expedition.

WHERFORE, Defendant respectfully requests that Plaintiffs' Motion be denied.

| OF COUNSEL: | EDWARDS ANGELL PALMER & DODGE LLP |
|---|---|
| Mark Seiger, Esq.<br>Edwards Angell Palmer & Dodge LLP<br>90 State House Square<br>Hartford, CT  06103-3702<br>(860) 541-7745<br>(888) 325-9099 Fax | */s/ Denise Seastone Kraft*<br>Denise Seastone Kraft (No. 2778)<br>919 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>(302) 425-7106<br>(888) 325-9741 Fax<br>dkraft@eapdlaw.com |
| Dated:  November 20, 2007 | *Attorneys for Defendant* |

# EXHIBIT A

# EDWARDS ANGELL PALMER & DODGE LLP

919 North Market Street  Wilmington, DE  19801  302.777.7770  *fax* 302.777.7263  eapdlaw.com

Denise Seastone Kraft
302.425.7106
*fax* 888.325.9741
dkraft@eapdlaw.com

October 26, 2007

**Via Facsimile & U.S. First Class Mail**

John S. Spadaro, Esq.
John Sheehan Spadaro, LLC
724 Yorklyn Road, Suite 375
Hockessin, DE  19707

      Re:    *Coleman Dupont Homsey and Ellen Homsey v. Vigilant Insurance Company*,
            C.A. No. 07-338 (JJF)

Dear John:

This is my response to your letter dated September 7, 2007 regarding discovery issues. By way of further supplementation, please accept the following responses and documents produced as attached and Bates numbered DEF170 through DEF189.

Response to Interrogatory No. 1:

      Without waiving the Objections as to the discovery of generic training materials because such discovery is overly broad, unduly burdensome, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and is irrelevant to the disposition of the present action, Vigilant states with respect to the handling of claims under the "Chubb Masterpiece" policy that it does not have any claims manuals relating to the handling of claims under the "Chubb Masterpiece" policy. However, Vigilant has in its possession a document titled "ECSC - Casualty Accident, Benefits & Life Workflow" (updated July 16, 2002) that was used by the department that handled Plaintiffs' claim. There is no claim handling workflow for the credit card claims.

Response to Interrogatory No. 2:

      Pete Piotroski

Response to Interrogatory No.3:

      See response to Interrogatory No. 1.

# EDWARDS ANGELL PALMER & DODGE LLP

John S. Spadaro, Esq.
October 26, 2007
Page 2

Document Request No. 4:

Without waiving the Objections as to the discovery of generic training materials because such discovery is overly broad, unduly burdensome, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and is irrelevant to the disposition of the present action, Vigilant states with respect to the handling of claims under the "Chubb Masterpiece" policy that it has attached the document titled "ECSC - Casualty Accident, Benefits & Life Workflow" (updated July 16, 2002).

Document Request No. 5:

Vigilant continues to Object to the discovery of generic training materials because such discovery is overly broad, unduly burdensome, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and is irrelevant to the disposition of the present action.

Very truly yours,

*Denise Seastone Kraft*

Denise Seastone Kraft

DSK/rrj
Enclosure

WLM_511146_1.DOC/DKRAFT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of November, 2007, she caused the attached Vigilant Insurance Company's Opposition To Plaintiffs' Motion To Compel Production Of Generic Training Materials to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following counsel of record:

> John Sheehan Spadaro, Esq.
> John Sheehan Spadaro, LLC

and a copy of same was also forwarded in the manner indicated:

### VIA E-MAIL & FIRST-CLASS MAIL

John Sheehan Spadaro, Esq.
John Sheehan Spadaro, LLC
724 Yorklyn Road
Suite 375
Hockessin, DE  19707
(302) 235-7745
(302) 235-2536 (fax)

> /s/ Denise Seastone Kraft
> Denise Seastone Kraft (#2778)
> dkraft@eapdlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLEMAN DUPONT HOMSEY and ELLEN HOMSEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-338 (JJF) |
| v. | ) ) | |
| VIGILANT INSURANCE COMPANY, | ) ) ) | NON-ARBITRATION CASE TRIAL BY JURY DEMANDED |
| Defendant. | ) | |

**ORDER DENYING HOMSEY PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF GENERIC TRAINING MATERIALS**

On this _____ day of November, 2007, having considered Plaintiffs Coleman Dupont Homsey and Ellen Homsey's Motion to Compel Production of Generic Training Materials (the "Motion") and Defendant Vigilant Insurance Company's opposition thereto, it is hereby ORDERED that such Motion is DENIED.

_____
United States District Judge